IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY T. PUSATERI and DONALD PUSATERI, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 21-1137 ) Magistrate Judge Maureen P. Kelly ) |
| v. | ) Re: ECF No. 32 ) |
| WAL-MART STORES EAST, L.P. | ) ) |
| Defendant. | ) |

## OPINION

**KELLY, Magistrate Judge**

Presently before the Court is a Motion for Summary Judgment filed on behalf of Defendant Wal-Mart Stores East, L.P. ("Wal-Mart"). ECF No. 32. For the reasons that follow, the motion is denied.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

Mary T. Pusateri and Donald Pusateri ("Plaintiffs") commenced this lawsuit on August 3, 2021, in the Court of Common Pleas of Allegheny County, Pennsylvania, seeking damages against Wal-Mart, for a trip and fall accident that occurred on March 18, 2020, at Wal-Mart's Moon Township, Pennsylvania store. ECF Nos. 1 and 30 ¶¶ 1-2. Wal-Mart is a limited partnership formed in Delaware with a principal place of business in Bentonville, Arkansas. ECF No. 1 ¶ 4. Plaintiffs are residents of Allegheny County, Pennsylvania. On August 26, 2021, Wal-Mart timely removed Plaintiffs' action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Id. Based on the diversity

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case. ECF No. 20.

of the parties and the amount in controversy, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

In their Complaint, Plaintiffs allege that at the time of her accident, Mrs. Pusateri was a business invitee, lawfully shopping at Wal-Mart's Moon Township store. ECF No. 1-1 ¶ 8. The evidence jointly presented by the parties shows that Mrs. Pusateri walked four times past a partially empty black pallet or "stack base" that held large screen televisions. ECF No. 30 ¶¶ 6-18; ECF No. 31-4 at 5. The first eighteen inches or so of the stack base were empty, and it stood a few inches above the floor in the middle of an aisle. ECF No. 31-5 at 1-6. Mrs. Pusateri did not remember the presence of the pallet during each pass, but concedes nothing blocked her view. Id. ¶¶ 17-20. After her fourth pass, a store employee entered the aisle with a "top stock cart." A top stock cart is the width of a shopping cart but stands higher, and is used to move product down an aisle. ECF No. 31-3 at 3; ECF No. 31-4 at 8. The video evidence presented by Wal-Mart shows that the stock cart was loaded and was pushed in Mrs. Pusateri's direction. ECF No. 31-3 (at 4:59:02). To avoid the stock cart and to permit it to pass, Mrs. Pusateri backed up and tripped on the protruding stack base behind her. Id.; ECF No. 31-4 at 3. It is not disputed that Mrs. Pusateri suffered a fractured left arm and damage to the nerves in her left hand. ECF No. 1-1 at 5. She alleges she has undergone surgery to her tendons and wrist and has sustained permanent injury, including a loss of motion. Id. Mr. Pusateri brings a companion claim for loss of consortium. Id. at 8.

Discovery is complete and Wal-Mart has filed the pending Motion for Summary Judgment and brief in support, asserting that the danger presented by the stack base was open and obvious, and thus no duty of care was owed or breached. ECF Nos. 32 and 33. The parties have filed a Joint Statement of Undisputed Facts and an Appendix of relevant exhibits, including video of the

incident. ECF Nos. 30 and 31. Plaintiffs have filed their brief in opposition to the motion, and Wal-Mart has filed a reply. ECF Nos. 35 and 36. The Motion for Summary Judgment is ripe for consideration.

## II.     STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that: "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof"). Thus, summary judgment is warranted where, "after adequate time for discovery and upon motion ... a party ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex, 477 U.S. at 322; see also Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

3

issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)) (internal quotations omitted).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences, and resolve all doubts in favor of the nonmoving party. Matreale v. N.J. Dep't of Mil. & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007); Woodside v. Sch. Dist. of Phila. Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001).

**III.   DISCUSSION**

Under Pennsylvania law,[2] a claim for negligence requires four elements:

> (1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) defendant's failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; [and] (4) actual loss or damage resulting to the plaintiff.

R.W. v. Manzek, 888 A.2d 740, 746 (Pa. 2005) (citations omitted). "The mere occurrence of an accident does not establish negligent conduct. Butler v. City of Pittsburgh, 537 A.2d 112, 114 (Pa. Commw. Ct. 1988). Rather, the plaintiff has the burden of establishing, by a preponderance of the evidence, that the defendant engaged in conduct that deviated from the general standard of care expected under the circumstances, and that this deviation proximately caused actual harm. Hamil v. Bashline, 481 Pa. 256, 392 A.2d 1280 (1978)." Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998) (cleaned up).

Wal-Mart does not dispute that at the time of the accident at issue, Mrs. Pusateri was a business invitee. ECF No. 33 at 8. Under Pennsylvania law, a landowner owes "the highest duty"

---

[2] Pennsylvania law governs Plaintiffs' claims for negligence and loss of consortium in this diversity action. Lafferty v. St. Riel, 495 F.3d 72, 76 (3d Cir. 2007) ("[A] federal court must apply the substantive laws of its forum state in diversity actions.").

4

to a business invitee, <u>Campisi v. Acme Markets, Inc.</u>, 915 A.2d 117, 119 (Pa. Super. Ct. 2006). As to the scope of the duty owed, Pennsylvania has adopted Section 343 of the Restatement of Torts (Second). Thus,

> [a] possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343; <u>see also</u> <u>Farabaugh v. Pennsylvania Tpk. Comm'n</u>, 911 A.2d 1264, 1272 (Pa. 2006) (explaining that "[a]s developed through [Pennsylvania] caselaw, a landowner's duty [to business invitees] derives from Section 343 of the Restatement (Second) of Torts").

Section 343A of the Restatement further provides that "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A; <u>see also</u> <u>Atkins v. Urb. Redevelopment Auth. of Pittsburgh</u>, 414 A.2d 100, 104 (Pa. 1980) ("[T]he law of Pennsylvania does not impose liability if it is reasonable for the possessor to believe that the dangerous condition would be obvious to and discovered by his invitee.") (internal quotation marks and citations omitted).

"There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he

5

owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm." Restatement (Second) of Torts § 343A (1965) (cmt. f); Jones v. Three Rivers Mgmt. Corp., 394 A.2d 546, 552 (Pa. 1978) ("Thus, an invitee in certain circumstances must be protected even from obvious dangers. Regelski v. F. W. Woolworth Co., 423 Pa. 524, 225 A.2d 561 (1967), citing Yarkosky v. The Caldwell Store, 189 Pa. Super. 475, 151 A.2d 839 (1959) (In determining whether invitee's failure to observe a dangerous condition on premises constitutes negligent inattention fact that invitor has diverted the visitor's attention (with eye-catching displays) is an important factor for consideration).").

"A danger is deemed to be 'obvious' when 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment.'" Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983) (citations omitted). "[T]he question of whether a danger was known or obvious is usually a question of fact for the jury." Id. at 124. A court may decide this question, however, where "reasonable minds could not differ as to the conclusion." Id.

Wal-Mart argues that the base stack was an "open and obvious" danger, and Mrs. Pusateri's "inattention" to an obstruction when she stepped backward to avoid the top cart does not permit recovery in this case. ECF No. 33 at 12. For support, Wal-Mart cites Graham v. Moran Foods, Inc., No. 11-239, 2012 WL 1808952 (E.D. Pa. May 18, 2012), Walker v. Save-a-Lot, No. 18-95, 2018 WL 2973346 (E.D. Pa. June 13, 2018), and Moknach v. Presque Isle Downs, Inc., 858 F. App'x 555 (3d Cir. 2021). These cases stand for the general proposition that no duty is owed for an obvious danger that is avoidable by the exercise of ordinary care. Thus, in Graham, the district

court granted summary judgment for a store because the plaintiff "walked by the pallet before she tripped over it in an attempt to back out of the way of another customer." Graham, 2012 WL 1808952, at *4. The court concluded that the plaintiff fell because she failed to look before stepping back and thus failed to exercise ordinary care. The district court in Walker cited Graham with approval and similarly held the defendant storeowner did not breach a duty of care when a shopper tripped over a pallet when she stepped backward without looking. Walker, 2018 WL 2973346, at * 2. In Moknach, the United States Court of Appeals for the Third Circuit affirmed the grant of summary judgment when the plaintiff tripped over a large and visible sign several feet in length and at least 12 inches high because it was an obvious hazard to anyone exercising reasonable judgment and care. Moknach, 858 F. App'x at 557, 558. In each case, the plaintiff's claims of distraction were found not to excuse the failure to look and see what was open and obvious.

Other courts facing evidence of open obstructions have held that "the question of whether a plaintiff should have known about a certain dangerous condition is reserved for the jury unless reasonable minds cannot differ as to the plaintiff's negligence." Nixon v. Family Dollar Stores of Pennsylvania, LLC, No. 20-404, 2021 WL 2015188, at *5 (M.D. Pa. May 20, 2021) (collecting cases). Thus, "it is generally inappropriate to grant summary judgment when factual disputes exist regarding the obviousness of a given condition. This is true even where a plaintiff has admitted that they were distracted or were not looking where they were going." Id. (citing Collie v. Wal-Mart Stores E., L.P., No. 16-227, 2017 WL 1243168, at *3-4 (M.D. Pa. Feb. 1, 2017) (denying a motion for summary judgment when a plaintiff tripped over a curb when a genuine dispute was presented regarding the obviousness of the curb); Lissner v. Wal-Mart Stores E., L.P., No. 07-414, 2009 WL 499462, at *3 (W.D. Pa. Feb. 27, 2009) (location of a post precludes a determination that any tripping hazard it created was obvious as a matter of law); and Brownlee v. Home Depot

7

U.S.A., Inc., No. 3232 EDA 2019, 2020 WL 61947405, at *5 (Pa. Super. Oct. 22, 2020) (nonprecedential) (the question of whether a plaintiff should have seen a piece of wood on the ground was a question for the jury)).

Here, Plaintiffs contend that the evidence presented raises a jury question on the obviousness of the danger given the distraction presented by Defendant's employee "walking directly towards [Mrs. Pusateri] pushing a large top stock cart." ECF No. 35 at 8. Plaintiffs contend that "[r]easonable minds could differ in concluding not only whether a 4-inch-high pallet constitutes an open and obvious hazard, but also whether Plaintiff was reasonably distracted by the store employee pushing the stock cart." Id.

The Court agrees that in this case, a reasonable jury could conclude that given the height and location of the half-empty pallet, and the danger presented by Defendant's employee moving a loaded top cart towards her, Mrs. Pusateri reasonably may have not recognized and appreciated the risk presented by stepping backward without first looking to see if the pallet was present. Moreover, a jury may reasonably conclude that the Defendant should have anticipated the harm of a floor-level obstruction in the middle of an aisle when moving merchandise to restock shelves. See e.g., Dorfmeister v. Nordstrom, Inc., 415 F. Supp. 3d 537, 543-44 (E.D. Pa. 2019) (summary judgment denied where a reasonable jury could conclude that despite the obviousness of danger of the height of a platform used for clothing alterations, the store should have anticipated the danger of falling presented when an employee asked plaintiff to step back on a platform to confirm the hemline).

Under the circumstances presented here, the Court declines to find as a matter of law that Mrs. Pusateri knew the risk of stepping backward without looking, or that the risk of harm would be obvious to a reasonable person in her position. That determination is properly for a jury to make.

## IV. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment is properly denied. An appropriate Order will follow.

Dated: December 20, 2022

BY THE COURT:

/s/ Maureen P. Kelly

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc: All counsel of record by Notice of Electronic Filing